## COMMONWEALTH *vs.* CHARLES H. MUNN.

Upon the trial of an indictment containing one count for being a common seller of intoxicating liquors, and second, third and fourth counts for single sales, the jury returned a verdict that the defendant was " not guilty as a common seller," but " guilty on two single sales "; which the court, without consulting the jury or the defendant's counsel, ordered to be recorded as a verdict of not guilty on the first count, and guilty on the second and third counts; and in this form it was affirmed by the jury. *Held*, that the verdict did not conform to the finding, and must be set aside.

INDICTMENT for unlawfully selling intoxicating liquors, in violation of *St.* 1855, *c.* 215, containing four counts, the first on

§ 17, for being a common seller, and the second, third and fourth on § 15, for single sales. Trial at November term 1859 of the superior court in Franklin, before *Vose*, J., who signed this bill of exceptions:

" Upon the coming in of the jury, they were inquired of if they had agreed upon a verdict, and the foreman replied that they had. The foreman then returned the indictment, with a written paper, signed by him," in the words which follow, excluding those within brackets:

" The jury *does not* find the defendant [not] guilty *as a common seller* [on the first count] but *does* find him guilty on *two single sales* [the second and third counts of the indictment].

" The jury were not asked at all whether the prisoner was guilty or not guilty ; but after an inspection of the paper, returned as aforesaid, by the clerk, presiding judge and district attorney, and without consultation with or intimation to the jury, or the defendant or the defendant's counsel, the written paper so returned was altered by the clerk, by making the interlineations and erasures which now appear upon it," to wit, by striking out the words printed above in italics, and inserting those within brackets.

" The verdict was then, without any explanation or suggestion whatever to the jury or the defendant, or the defendant's counsel, affirmed by the jury in manner following : The clerk said to the jury, ' Gentlemen of the jury, hearken to your verdict as the court have recorded it.' In the case of The Commonwealth *v.* Charles H. Munn, the defendant at the bar, you upon your oaths do say that the said Charles H. Munn is guilty in manner and form as set forth in the second and third counts of said indictment, and not guilty upon the first count of said indictment; so say you, Mr. Foreman ? ' (the foreman assented) ; ' so you all say, gentlemen ?' (the jury all assented.) The clerk recorded the verdict upon the docket, which said record was made before said affirmation of the verdict. To the verdict so recorded under the circumstances stated the defendant excepts."

*C. Allen*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

31 *

SHAW, C. J.  The verdict must be set aside in this case, because it was irregularly taken, and does not correctly conform to what the jury, as appears by the memorandum presented by the foreman, intended to find.  There is no ground for holding this memorandum to be of itself a special verdict.  It is not usual in criminal cases to return a written verdict.  But it is very proper for the foreman, who is to speak for others as well as himself, for greater certainty in expressing their finding truly, to make a memorandum, and, on the return of the jury into court, to hand in such memorandum.  If such memorandum expresses more or less than the exact issues, or contains words of comment, explanation or restriction, it is proper and usual for the court, by an explanatory conference with the jury, and in the hearing of all of them, to state what the court understands to be the true finding of the jury, and with their assent to enter it in correct legal form, so that, when it is affirmed as thus put into form, it shall truly and exactly express the unanimous finding of the jury, and be according to the literal import of the original Latin term " *veredictum*," a declaration of the truth.

If upon such explanation and conference it turns out that the jury, or any of them, intended to annex any restriction or qualification to a general verdict, then it is clear that they have found more or less than the issues to which they were bound to answer, and the jury in such case, with proper instructions, should be directed to consider further, and come, if practicable, to an agreement upon the proper issues as presented.  But if, on such conference, it appears that, in point of fact, the jury have agreed upon the necessary facts, and have only mistaken the form in which their verdict should be entered, and they are informed what is the proper form, in which their unanimous finding should be properly expressed, and the jury, upon the question being put, unanimously affirm it, it may be safely and properly entered of record as thus put into due form.  And it would be a mere abuse of language to say that such a proceeding is an arbitrary and unwarrantable alteration of the verdict of a jury.  In such case this court would be very cautious in calling in question the respect always due to the verdict of a jury.

But in the present case it appears to the court that the verdict, as entered, was not warranted by the finding expressed in the memorandum, and no explanation was made to the jury, and no question put to them as to what they intended to find. The jury do not seem to have noticed the artificial arrangement of the verdict into counts, but rather designated their return by the nature of the charges. They say they " do not find the defendant guilty as a common seller"; this was in legal effect " not guilty " on the first count. They go on, " but do find him guilty on two single sales." But they make no allusion to counts. There were three counts — the second, third and fourth — each for a single sale. Finding two single sales left it wholly doubtful whether it was upon the second and third, or second and fourth, or third and fourth. This memorandum furnished no authority for entering a verdict of " guilty " on the second and third counts, as was done, nor were the jury inquired of whether such was their intent. *Exceptions sustained.*